UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

ELENA FURMANSKY, a/k/a ELENA
ROMANENKO,

                 **Plaintiff,**

             - against -

MUTUAL OF OMAHA INSURANCE
COMPANY,

               **Defendant.**

-------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _3/9/16_ |

**MEMORANDUM
OPINION AND ORDER**

**15-cv-5047 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       On June 30, 2015, Elena Furmansky brought this action seeking

judicial review of defendant Mutual of Omaha Insurance Company's decision

denying her claim for long term disability benefits under a Group Long-Term

Disability Policy (the "Policy") issued to her former employer. Both parties now

move for summary judgment on the administrative record. For the following

reasons, plaintiff's motion is DENIED, and defendant's motion is GRANTED.

# I.    BACKGROUND[1]

        The facts surrounding this matter are not in dispute.  Defendant issued

the Policy to plaintiff's former employer, David Yurman Enterprises, LLC ("David

Yurman"), which took effect on June 1, 2010.[2]  The Policy states, in relevant part,

that "[i]nsurance is provided for certain employees as described in the policy."[3]

The Policy contains a section entitled Employee Eligibility, which states that an

employee's coverage under the Policy ends when the employee is either no longer

employed by the policyholder or not "Actively Employed."[4]  "Actively Employed"

is defined as working "on a regular and consistent basis for the Policyholder 30

---

[1]      Plaintiff's 56.1 statement incorporates in full defendant's 56.1
statement.  It also appends certain additional documents plaintiff claims "should be
part of the Administrative Record."  Plaintiff's Rule 56.1 Statement of Undisputed
Material Facts at 1.  This is not material inadvertently excluded from the transcript
of the administrative record produced by defendant; it is instead additional,
extrinsic evidence plaintiff wishes this Court to consider.  I have no power to
consider such material. *See, e.g., Krizek v. Cigna Grp., Ins.*, 345 F.3d 91, 98-100
(2d Cir. 2003) (holding that the district court erred in considering evidence not in
the administrative record without a showing of "good cause").  Because plaintiff
failed to show good cause for including this extrinsic evidence, I do not consider
these additional documents in resolving these cross-motions.  Even if I did
consider this additional information, it would only further buttress defendant's
argument that plaintiff is ineligible for benefits under the Policy.

[2]      *See* Transcript of the Administrative Record ("Tr.") at
ROMANENKO-0001.

[3]      *Id.* at ROMANENKO-0019.

[4]      *See id.* at ROMANENKO-0026-28.

-2-

hours or more each week."[5]  In order to be considered "Actively Employed," the employee must perform the normal duties of his or her regular job at the policyholder's usual place of business, or at an alternate work site under the direction of the policyholder.[6]  The only exception to this requirement is for regular paid holidays, vacations, or scheduled non-working days.[7]

On December 8, 2014, plaintiff filed a claim for long term disability benefits under the Policy.[8]  Her claim form indicated that her disability was caused by an injury suffered in a March 18, 2014 car accident.[9]  Her claim form also indicated that her last day of work at David Yurman was February 28, 2014[10] — a fact confirmed by David Yurman on January 22, 2015, during defendant's investigation of plaintiff's claim.[11]

On January 23, 2015, defendant issued a letter to plaintiff denying her

---

5    *Id.* at ROMANENKO-0026.

6    *See id.*

7    *See id.*

8    *See id.* at ROMANENKO-0233.

9    *See id.*

10   *See id.* at ROMANENKO-0234.

11   *See id.* at ROMANENKO-0131.

-3-

claim for benefits.[12]  In the letter, defendant explained its denial of benefits as follows:

> . . . your policy states that to be eligible for Long-Term Disability benefits, you must be Actively Employed. This means working on a regular and consistent basis for the policyholder, David Yurman Enterprices (sic), LLC, 30 or more hours each week.  You are claiming disability from a motor vehicle accident which occurred on March 18, 2014 and your last day worked was February 28, 2014.  Your policy also states that insurance ends at midnight on the day you are no longer Actively Employed.
>
> In summary, according to the information received from your employer, you were not Actively Employed on your date of disability.  You do not meet the eligibility requirement for Active Employment under this policy. Therefore, no benefits are payable, and your claim has been denied.[13]

On March 16, 2015, plaintiff appealed defendant's denial of

benefits.[14]  In the appeal letter, plaintiff asserted that she was receiving installment

payments from her former employer pursuant to a severance package, and that

those installment payments included deductions for David Yurman's premium

payments under the Policy.[15]  Defendant had no involvement in the negotiation of

---

[12]     *See id.* at ROMANENKO-0070.

[13]     *See id.* at ROMANENKO-0072.

[14]     *Id.* at ROMANENKO-0063.

[15]     *See id.* at ROMANENKO-0063-64.

-4-

plaintiff's severance agreement.[16]  On March 24, 2015, defendant denied plaintiff's appeal, reiterating that her eligibility for benefits under the Policy terminated on her last day of work for David Yurman, February 28, 2014.[17]  This action followed.

## II.   LEGAL STANDARD

This Circuit treats motions for judgment on the administrative record as motions for summary judgment, governed by Rule 56 of the Federal Rules of Civil Procedure.[18]  Summary judgment is appropriate where, "viewing the record in the light most favorable to the non-moving party . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[19] "In making this determination . . . we resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."[20]  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that

---

[16]     *See* Defendant's Rule 56.1 Statement of Undisputed Material Facts ¶ 26.

[17]     *See* Tr. at ROMANENKO-0059-62.

[18]     *See Muller v. First UNUM Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003).

[19]     *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)) (quotation marks and citation omitted).

[20]     *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (quotation marks and citation omitted).

-5-

a reasonable jury could return a verdict for the nonmoving party."[21]

"The moving party bears the burden of showing the absence of a
genuine dispute as to any material fact."[22]  To defeat a motion for summary
judgment, the non-moving party must "'do more than simply show that there is
some metaphysical doubt as to the material facts, and may not rely on conclusory
allegations or unsubstantiated speculation.'"[23]  "If the non-moving party has the
burden of proof on a specific issue, the movant may satisfy its initial burden by
demonstrating the absence of evidence in support of an essential element of the
non-moving party's claim."[24]

"'The function of the district court in considering the motion for
summary judgment is not to resolve disputed questions of fact but only to
determine whether, as to any material issue, a genuine factual dispute exists.'"[25]

---

[21]  *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012), *aff'd*, 133
S.Ct. 2675 (2013) (quotation marks, citation, and alterations omitted).

[22]  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir.
2014) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[23]  *Robinson*, 781 F.3d at 44 (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d
347, 358 (2d Cir. 2011)).

[24]  *Chen v. New Trend Apparel*, 8 F. Supp. 3d 406, 430 (S.D.N.Y. 2014)
(citing *Celotex v. Catrett*, 477 U.S. 317, 325 (1986) (further citations omitted)).

[25]  *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (quoting
*Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)).

-6-

"'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[26]

## III.   APPLICABLE LAW

Review of this action is governed by the Employment Retirement Income Security Act of 1974 ("ERISA").[27]  In determining whether there is an issue of fact in an ERISA case, review is limited to the administrative record — that is, the record the plan administrator had available when rendering its claim decision.[28]  Unambiguous policy terms are assigned their plain and ordinary meanings.[29]

## IV.   DISCUSSION

The sole issue before this Court is whether plaintiff is eligible for benefits under the Policy.  Based on the Policy's plain language, it is clear that she is not.  The Policy explicitly states that coverage extends only to those who are "actively working" — that is, working thirty or more hours per week — and that

---

[26]     *Crawford*, 758 F.3d at 486 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[27]     *See* Complaint ¶ 4.

[28]     *See Dipper v. The Union Labor Life Ins. Co.*, 400 F. Supp. 2d 604, 609 (S.D.N.Y. 2005).

[29]     *See, e.g.*, *Barnes v. American Int'l Life Assur. Co.*, 681 F. Supp. 2d 513, 521-23 (S.D.N.Y. 2010).

coverage terminates upon termination of employment, or upon ceasing to be an "Active Employee" as defined by the Policy. Plaintiff does not dispute that her last day of work with David Yurman was February 28, 2014. Plaintiff both ceased to be a David Yurman employee on that date, and ceased to be "Actively Employed" by the policyholder, as she no longer worked thirty or more hours per week. By the plain terms of the Policy, her eligibility for benefits terminated on February 28, 2014.

Plaintiff argues (in a two-page brief devoid of any citations, either to the record or to case law) that notwithstanding her February 28, 2014 termination date, she should be deemed an employee for the purpose of receiving benefits under the Policy because she was still receiving payments from David Yurman under a private severance agreement between herself and her former employer. This nonsensical argument is entirely without merit. Under the terms of the Policy, the dispositive inquiry is whether plaintiff was "Actively Employed" at the time she sustained her alleged disability, not whether she was receiving payments from David Yurman. The fact that her payments under her severance agreement matched the salary payments minus deductions she received while employed does not alter the unambiguous terms of the Policy.

-8-

## V.    CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is

DENIED.  Defendant's motion for summary judgment is GRANTED.  The Clerk

of the Court is directed to close these motions (Dkt. Nos. 17 and 27) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              March 9, 2016

-9-

## -Appearances-

### For Plaintiff:

Ira H. Zuckerman, Esq.
Law Offices of Max D. Leifer, P.C.,
628 Broadway, Ste. 300
New York, NY 10012
(212) 334-9699

### For Defendant:

Fallyn B. Cavalieri, Esq.
Goldberg Segalla, LLP
665 Main Street, Suite 400
Buffalo, NY 14203
(716) 844-3437